32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William FELIX, a/k/a Willio Mode, Defendant-Appellant.
 No. 93-5897.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1994.
Decided Aug. 9, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-93-140)
 David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 OPINION
 Before HALL, LUTTIG and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Felix pleaded guilty to one count of conspiring to distribute fifty grams or more of crack cocaine in Forsyth County, North Carolina, in violation of 21 U.S.C.A. Secs. 841(b)(1)(A) and 846 (West 1981 & Supp.1994); and to one count of carrying and using a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. Secs. 924(c)(1) and (2) (West Supp.1994). He was sentenced pursuant to the federal sentencing guidelines[1] to 188 months imprisonment on the conspiracy count and to an additional 60 months on the firearms count. He now appeals, challenging the district court's upward adjustment at sentencing for his role as organizer or leader of the conspiracy, pursuant to guideline section 3B1.1(a). Reviewing the district court's decision for clear error, United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 498 U.S. 838, and 498 U.S. 968 (1990), we affirm.
 
 
 2
 Guideline section 3B1.1(a) provides that the offense level otherwise mandated by the guidelines should be increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" In deciding whether this section applies, relevant factors include:
 
 
 3
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 4
 U.S.S.G. Sec. 3B1.1, comment. (n.3).
 
 
 5
 Here, the district court concluded that Felix was the leader or organizer of a conspiracy involving five other persons. That conclusion was based primarily on Codefendant Robert Williams's testimony, which was in turn corroborated by the testimony of Police Officer Michael Poe.
 
 
 6
 Consistent with the presentence report, the relevant testimony of these witnesses established that Felix, a Haitian who resided in New York prior to this offense, hired Williams to act as his bodyguard during trips to North Carolina; that during the first such trip, Felix purchased semiautomatic weapons for himself and Williams, using his girlfriend, Decora Gary's, permit; that Felix routinely used Gary's home as a stash house and paid her bills; that Felix sold drugs to Gary's father, Thomas Gary, for his own use and for further distribution; that on the second trip to North Carolina, Felix made two drug deliveries to private residences while Williams was present; and that two female friends from New York, Denise Gittens and Nicole Alleyn, travelled to North Carolina during the second visit to carry Felix's drug money back to New York. Felix offered no evidence to rebut the accuracy of either the presentence report or this sentencing hearing testimony. See United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990) (defendant bears burden of showing that presentence report information is inaccurate). This evidence, viewed as a whole, easily supports the district court's decision that Felix played a leadership role in the conspiracy.
 
 
 7
 Given the nature of the evidence, we find no error in the district court's application of guideline section 3B1.1(a), and thus affirm the sentence imposed.[2] We deny Felix's pro se motion for a transcript and docket sheet, because the materials requested are already included in the appendix filed by court-appointed counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 Contrary to Felix's contention, United States v. Chambers, 985 F.2d 1263 (4th Cir.), cert. denied, 62 U.S.L.W. 3246 (U.S.1993), is easily distinguishable from this case. In Chambers there was a complete lack of evidence that the defendant directed the activities of others, while here the evidence supported the finding that Felix was the organizer or leader of criminal activity involving at least five participants